IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOTOHAUS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-2049-S-BN |
| | § | |
| ADVANCED PLAN FOR HEALTH, | § | |
| LLC, | § | |
| | § | |
| Defendant, | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 19.

Defendant Advanced Plan for Health, LLC ("APH") has filed a motion to dismiss. *See* Dkt. No. 12. Plaintiff Fotohaus, LLC has filed a response, *see* Dkt. No. 13, and APH has filed a reply, *see* Dkt. No. 14.

For the reasons and to the extent explained below, the Court should grant the motion to dismiss.

**Background**

This is a copyright infringement case concerning use of a photograph (the "Photograph") that depicts a pair of hands holding white oblong pills. *See* Dkt. No. 1; Dkt. No. 1-2. According to the Complaint, Daniel Foster captured the Photograph,

-1-

which he entitled "Drugs," on August 27, 2014. *See* Dkt. No. 1 at 2 ¶6. He posted the Photograph to his Flickr account on September 1, 2014. *See* Dkt. No. 1-3. And he registered the Photograph with the United States Copyright Office on September 30, 2014. *See* Dkt. No. 1 at 2 ¶8.

Foster assigned the Photograph to Fotohaus on March 8, 2017. *See id.* ¶9.

On or about June 1, 2017, APH copied and posted the Photograph to its commercial website and its LinkedIn and Twitter accounts. *See* Dkt. No. 1 at 2 ¶¶ 10, 11, 3 ¶¶ 12, 13; Dkt. Nos. 1-4, 1-5, 1-6. APH copied and posted the Photograph without license or permission from Foster or Fotohaus. *See* Dkt. No. 1 at 3 ¶14.

Fotohaus sues APH for copyright infringement and for intentionally removing the copyright management information from the Photograph prior to posting it. *See* Dkt. No. 1.

APH moves to dismiss the copyright infringement claim. *See* Dkt. No. 12. APH asserts the Complaint fails to state a copyright infringement claim because the Photograph lacks the originality required to be entitled to copyright protection and its use of the Photograph is protected by the fair use doctrine. *See* Dkt. No. 12.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead

"enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of*

*Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean*

-4-

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary

judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

I.    <u>Fotohaus fails to state a copyright infringement claim.</u>

To state a claim for copyright infringement, the plaintiff must allege that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original. *See Feist Publ'n, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Baisden v. I'm Ready Productions, Inc.,* 693 F.3d 491, 499 (5th Cir. 2012). Copyright infringement claims are not subject to a heightened pleading standard. *See Arista Records LLC v. Greubel,* 453 F. Supp. 2d 961, 964-65 (N.D. Tex. 2006). Rather, the purpose of the complaint is to give fair notice to the defendant of the claims that it must defend against. *See id.* at 965. The inquiry on a Rule 12(b)(6) motion to dismiss is whether the plaintiff has pleaded, not proven, the necessary elements.

APH contends that Fotohaus fails to state a claim upon which relief can be granted under the copyright act because the Photograph lacks the originality required for copyright protection.

"To qualify for copyright protection, a work must be original to the author." *Feist,* 499 U.S. at 345. As the Supreme Court has explained:

> Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying. To illustrate, assume that two poets, each ignorant of the other, compose identical poems. Neither work is novel, yet both are original

and, hence, copyrightable.

*Id.* at 345-46 (internal citations omitted). APH asserts the Photograph lacks the creative spark required for originality.

APH does not challenge Fotohaus's actual allegations. Instead, APH attempts to factually dispute the issue of originality. It compares this case to *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, which involved reproductions of copyrighted photographs of "the most common Chinese dishes used in take-out menus." 175 F. Supp. 2d 542, 544, 546 (S.D.N.Y. 2001). The court there found that "this is the rare case where the photographs lack the creative or expressive elements that would render them original works subject to protection under the Copyright Act" because "[t]he photographs lack any artistic quality, and neither the nature and content of such photographs, nor plaintiffs' description of their preparation, give the Court any reason to believe that any 'creative spark' was required to produce them" and concluded the photographs were not copyrightable. *Id.* at 546. APH also compares the Photograph to other photographs of "pills in hands" that is argues are nearly identical to the Photograph.

Those are factual disputes that "are not subject to challenge at the Rule 12(b)(6) stage." *Glenntex, Inc. v. Drennan Day Custom Homes, Inc.*, No. 1:18-cv-973-LY, 2019 WL 6251455, at *3 n.3 (W.D. Tex. Nov. 21, 2019). The undersigned cannot determine, at the pleading stage, if this is another "rare" case in which the subject of the photograph is so common as to preclude copyright protection.

-8-

But Fotohaus's allegations fail to state facts showing or supporting an inference that the Photograph possesses at least some minimal degree of creativity. The only allegation that Fotohaus makes concerning originality is that Daniel Foster captured the Photograph. Fotohaus submits as an exhibit to its response the Declaration of Daniel Foster, in which he provides additional facts about originality, including considerations he made prior to and during the capture of the Photograph. *See* Dkt No. 13-2. But the Court cannot consider that additional evidence on a motion to dismiss.

Accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in Fotohaus's favor, the undersigned concludes that Fotohaus fails to state a claim for copyright infringement.

II.    <u>APH is not entitled to dismissal under the fair use affirmative defense.</u>

But, if the Court disagrees and determines that Fotohaus has stated a copyright infringement claim, it should not, at this stage of the proceedings, dismiss the Complaint on the basis that APH's use of the Photograph is protected under the fair use doctrine.

Fair use is an affirmative defense that can excuse what would otherwise be an infringing use of copyrighted material. *See Estate of Barre v. Carter*, 272 F. Supp. 3d 906, 929 (E.D. La. 2017). Rule 12(b)(6) motions to dismiss typically cannot be granted on affirmative defense grounds unless a successful affirmative defense appears clearly on the face of the pleadings. *See id*. at 930. APH argues that the Complaint itself establishes that Fotohaus's copyright infringement claim is barred

under the fair use doctrine.

Under the Copyright Act, "the fair use of a copyrighted work ... for purposes such as criticism, comment, news reporting, teaching ... scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. The Copyright Act lists four factors a court must consider in determining whether a particular use is a "fair use":

1.  the purpose and character of the use, including whether such use is of commercial nature or is for nonprofit education purposes;
2.  the nature of the copyrighted work;
3.  the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
4.  the effect of the use upon the potential market for or value of the copyrighted work.

*Id.* The factors enumerated in this section are not meant to be exclusive: "[S]ince the doctrine is an equitable rule of reason, no generally applicable definition is possible, and each case raising the question must be decided on its own facts." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985). In considering the fair use doctrine on a case-by-case basis, courts consider all four statutory factors, weighing them together rather than treating them in isolation. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994).

"Fair use is a rule of reason fashioned by Judges to balance the author's right to compensation for his work, on the one hand, against the public's interest in the widest possible dissemination of ideas and information, on the other." *Triangle Publications, Inc. v. Knight-Ridder Newspapers, Inc.*, 626 F.2d 1171, 1174 (5th Cir. 1980) (cleaned up).

1.  <u>Purpose and character</u>

Under this factor, courts consider the culpability of a defendant's conduct in acquiring or using a work, the extent to which such use is transformative, and whether such use is for commercial or non-commercial purposes. *See Peteski Prods., Inc. v. Rothman*, 264 F. Supp. 3d 731, 736 (E.D. Tex. 2017) ("*Harper & Row* directs courts to consider a defendant's bad faith in applying the first statutory factor.") (citing *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 478 (2d Cir. 2004)); *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791, 823 (5th Cir. 2002) ("The key question under the 'purpose and character' prong is...whether and to what extent the new work is 'transformative.'"); *see also Campbell*, 510 U.S. at 584 ("[T]he commercial or nonprofit educational purpose of a work is...one element of the first factor[.]").

Fotohaus alleges that APH posted the Photograph on its commercial website and attaches a copy of that posting to the Complaint. *See* Dkt. No. 1 at 2 ¶6; Dkt. No. 1-4. The Photograph accompanied an APH article titled "Analytics, Group Benefits Design and The Battle Against Addiction" with text stating:

> It's no secret. Every great war general knows that knowledge is power. In the fight against diseases that ravage a health plan, data is knowledge. The days when data analytics was viewed as an emerging trend, and its benefits known to a select few are over. Today, cost-effective group benefits design relies heavily on a vast accumulation of insight derived from individualized data reporting.

Dkt. No. 1-4.

APH argues that it posted the Photograph with an educational article about data analysis and addiction. It further argues that its use was transformative because it "adds something new, with a further purpose or different character…with

new expression, meaning, or message." Dkt. No. 12 at 7 (quoting *Cruz v. Cox Media Grp., LLC*, 444 F. Supp. 3d 457, 467 (E.D.N.Y. 2020). APH explains that the article includes discussion of how "[b]etter insight into provider prescribing behavior and a holistic view of prescriptions being consumed by patients can reveal the potential for addictive behavior" and the educational message is "how can we better treat addictions?" Dkt. No. 12 at 7.

This alleged transformation is not apparent on the face of the pleadings. The Complaint depicts APH using the Photograph "Drugs" for its intended purpose.

At this stage, on the pleadings, the first factor weighs in Fotohaus's favor.

2.    <u>Nature of the copyrighted work</u>

Courts typically look to two considerations of the work when analyzing the second factor: (1) whether the work is more creative or factual in nature and (2) whether the work is published or unpublished. *Stewart v. Abend*, 495 U.S. 207, 237 (1990) ("In general, fair use is more likely to be found in factual works than in fictional works."); *Cariou v. Prince*, 714 F.3d 694, 709-10 (2d Cir. 2013) ("We consider (1) whether the work is expressive or creative,...with a greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower."); *Barre*, 272 F. Supp. 3d at 935.

APH argues that its use of the Photograph was fair because the Photograph was published at least 20 times after its registration and before its alleged use by APH. But that is not apparent from the face of the pleadings. Fotohaus alleges only

that Foster posted the Photograph to his public Flickr account. *See* Dkt. No. 1 at 2 ¶7. And, as discussed above, there are no allegations about the factual or creative nature of the Photograph.

At this stage, on the pleadings, the second factor weighs in Fotohaus's favor.

3.    <u>Amount and substantiality of copyrighted work</u>

Courts addressing the third factor look to the "quantitative" amount of the copyrighted work used as well as the "qualitative" importance of the portion copied. *Campbell*, 510 U.S. at 584 (noting that the third factor "calls for thought not only about the quantity of the materials used, but about their quality and importance, too"). However, even when only a small portion is copied, "its qualitative nature may weigh against a finding of fair use if it takes the most expressive elements or the heart of a work." *Harper & Row Publishers*, 471 U.S. at 563. That said, courts recognize that creative works are "closer to the core of intended copyright protection" than are works that are predominantly factual, such as news or non-fiction. *See, e.g., Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 557 (S.D.N.Y. 2013) (citing *Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104, 109 (2d Cir. 1998)).

In its Complaint, Fotohaus alleges that APH first posted the Photograph on or before June 1, 2017, and copies of the Photograph attached to the Complaint show that APH posted the Photograph in its entirety or with only minimal cropping. APH argues that its use was *de minimus*, but that is not apparent from the face of the pleadings.

-13-

At this stage, on the pleadings, the third factor weighs in Fotohaus's favor.

4.    <u>Effect of the use on the potential market</u>

Finally, the fourth fair use factor requires courts to consider "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. "Fair use, when properly applied, is limited to copying by others which does not materially impair the marketability of the work which is copied." *Harper & Row Publishers*, 471 U.S. at 566-67. The fourth factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant ... would result in a *substantially adverse impact* on the potential market" for the original. *Campbell*, 510 U.S. at 590 (emphasis added). The fair use analysis, "when properly applied, is limited to copying by others which does not materially impair the marketability of the work which is copied." *Harper & Row Publishers*, 471 U.S. at 568.

Fotohaus does not plead any facts as to whether APH's use has impaired the marketability of the Photograph, which precludes a finding that it is apparent from the face of the pleadings that the effect of APH's use of the Photograph on the potential market or value of the copyrighted work is *de minimus.*

At this stage, on the pleadings, the fourth factor weighs in Fotohaus's favor.

Where all four factors weigh in Fotohaus's favor, at this stage of the proceedings, it is not apparent from the face of the pleadings that APH's use of the Photograph is protected by the fair use defense.

## Recommendation

For the reasons and to the extent explained above, the Court should grant Defendant Fotohaus, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted [Dkt. No. 12], dismiss the copyright infringement claim without prejudice, and grant Fotohaus 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint consistent with this recommendation and the conclusions and findings above, and order that, if Fotohaus fails to do so, the copyright infringement claim will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

-15-

that are accepted or adopted by the district court, except upon grounds of plain error.

DATED: April 20, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE